No. 485
NAT. INSURANCE CO. v. WELBON MOTOR
CAR CO.

Ohio Appeals, Sixth District, Lucas County
No. 1280. Decided May 28, 1923

FIRE AND THEFT INSURANCE—(1) Verdict not manifestly against weight of evidence—(2) Circumstances showing that there was no violation of double insurance feature of policy.

CHITTENDEN, J.

Epitomized Opinion

This was an action brought by he Welbon Motor Car Company to recover upon a policy of insurance upon an automobile insuring against loss by fire and theft. The plaintiff claimed that the automobile was stolen and burned. The interest of the plaintiff in the automobile was that of mortgagee, there being due to him at the time the sum of $603.31. In an amended petition the palintiff also set up the fact that the policy was issued for the purpose of protecting the mortgagee but that by mutual mistake the application was made to protect the mortgagor, as well as the plaintiff. The plaintiff in addition to asking for judgment also asks for reformation of the policy. The Insurance Company set up various defenses among which was the claim that the policy was void because the mortgagor had obtained another policy of insurance upon the car without giving the defendant company notice of that fact. The defendant company also contended that the machine was stolen when it was unlocked and that the insurance policy only covered theft of the automobile when it was locked. The case was tried before Judge B. F. Ritchie of Toledo and resulted in a verdict for the plaintiff in the sum of $444. The Insurance Company prosecuted error. Held:

1. That the verdict was not manifestly against the weight of the evidence.

2. In order to constitute double insurance under a condition in an insurance policy against double insurance, the insurable interest of the policy in question and that of the contract claimed to avoid it under the clause referred to must be identical; and as one policy was to protect the mortgagee and the other to protect the mortgagor, it cannot be claimed that there was a violation of the double insurance provision of the policy.

Attorneys—Holbrook, Banker & Lewis, for Insurance Co.; Brown, Geddes, Schmettau & Williams, for Welbon Motor Car Co.

No. 486
GROFF v. INSURANCE CO.

No. 2039. Decided April 9, 1923
Ohio Appeals, 1st District, Hamilton County

ACTION—(1) Method of determining whether action is equitable or legal—(2) Circumstances showing that action is legal—(3) Fraud and misrepresentation, a legal defense, or defense at law—(4) Error in refusing jury in action at law.

HAMILTON, J.:

Epitomized Opinion

This is an action based upon a life insurance policy issued by the defendant company and an annuity contract in connection therewith. The prayer of the petition asks for a money judgment for $4,535, the amount upon which is based monthly payments of $25 per month to the plaintiff's beneficiaries during her life, and asks that a provision of the contract, which provided for the placing of the amount of $4,535 in the hands of the defendant company to carry out the contract, and for further relief. The Insurance Company set up as a defense certain fraudulent statements on the part of the insured, charging wilful, false and fraudulent answers in the ap-

plication on the part of the insured. It also claimed that these answers were material and that the company was induced to issue the policy on account thereof. At the trial the plaintiff made a motion for a jury trial, which was overruled upon the ground that the action was one in equity. The lower court found for the Insurance Company, whereupon the plaintiff prosecuted error. In reversing the judgment of the lower court, the Court of Appeals held:

1. Whether an action is equitable or legal, and therefore triable to a jury, is determined by the issues presented by the pleadings and the relief required at the time of the trial.

2. Where recovery is sought against a fiduciary or trustee in which a specific amount is claimed and where no accounting is asked or required, the fact that the defendant occupies a fiduciary relation does not stamp the action as equitable and in such case if no other remedy cognizable in equity is sought and is needed to give full and adequate relief, the action is legal and not equitable, is for money only, and triable to a jury.

3. Where an Insurance Company sets up by way of answer that the contract of insurance was obtained by fraudulent representations on the part of the insured, this defense is legal.

4. Under the pleadings presented in this cause, the action was one at law and therefore the plaintiff was entitled to a jury trial.

Judgment reversed.

Attorneys—Stanley Shafer and Walton S. Bowers, for Groff; Stephens & Stephens, for Insurance Company.

No. 487
COLEMAN v. RENESCH

Ohio Appeals, 1st District, Hamilton County
No. 2172. Decided May 18, 1923

NEGLIGENCE—(1) Facts showing plaintiff licensee—(2) Duty owed to licensee.

RICHARDS, J.:

Epitomized Opinion

This was an action for personal injuries. The defendant, Renesch, was the owner of a vacant lot across a portion of which was a more or less beaten path which had been used by members of the public for a long time. This path was used by pedestrians as a short cut from one street to another. The defendant, desiring to build a house, excavated the ground where this path had originally been. The plaintiff, while passing across this lot after dark fell into this excavation and was severely hurt. At the close of the evidence offered on behalf of the plaintiff Judge R. S. Marx of the Common Pleas Court directed a verdict for the defendant. Whereupon the plaintiff prosecuted error.

1. Under the circumstances of this case, the plaintiff was a licensee and not a trespasser.

2. A licensee exercises his license subject to its attendant perils and risks and is held to a knowledge of the law that an owner of property is not bound to make it safe for licensees.

Attorneys—Buchwalter, Headley & Smith, for Coleman; Nichols, Morrill, Stewart & Ginter, for Renesch.